Argued and submitted October 19, ballot title certified as modified
November 26, 1993

Paul dePARRIE,
*Petitioner,*

*v.*

Phil KEISLING,
Secretary of State, State of Oregon,
*Respondent.*

(SC S40633)

Henry KANE,
*Petitioner,*

*v.*

Phil KEISLING,
Secretary of State, State of Oregon,
*Respondent.*

(SC S40609)
(Cases Consolidated)

862 P2d 494

Paul deParrie, petitioner *pro se*, argued the cause and filed a petition.

Henry Kane, petitioner *pro se*, argued the cause and filed a petition.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him the answering memoranda were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PETERSON, J.

## PETERSON, J.

Oregon's initiative law requires that a ballot title be prepared for all statewide initiative measures. On statewide measures, the Attorney General must prepare the ballot title before signatures on initiative petitions may be collected. ORS 250.065 and 250.067. Persons who have voiced objections to the Secretary of State and remain dissatisfied with a ballot title certified by the Attorney General may seek a different ballot title from the Supreme Court if the ballot title certified by the Attorney General does not substantially comply with ORS 250.035 and 250.039.[1] ORS 250.085(2). Petitioners separately filed petitions in this court concerning a proposed initiative, asserting that the ballot title certified by the Attorney General does not comply with ORS 250.035.[2] The cases were consolidated for argument and opinion.

ORS 250.035(1) provides:

"The ballot title of any measure to be initiated or referred shall consist of:

"(a)    A caption of not more than 10 words which reasonably identifies the subject of the measure;

---

[1] ORS 250.039 concerns the readability of ballot titles. There is no issue in this case concerning ORS 250.039.

[2] The Attorney General's certified ballot title reads as follows:

"AMENDS CONSTITUTION:
ALLOWS ANTI-HOMOSEXUAL LAWS;
BARS HOMOSEXUAL CIVIL RIGHTS LAWS.

"QUESTION: Shall constitution allow laws denying homosexuals rights, bar homosexual civil rights laws, prevent spending public funds in manner promoting homosexuality?

"SUMMARY: Amends constitution. Allows laws that deny homosexuals rights. Governments cannot:

— adopt homosexual civil rights laws;

— grant 'minority status' for persons who practice or prefer 'wrongful' sexual behavior, including homosexuality;

— advise or teach children, students, employees that homosexuality equates legally or socially with race, other protected classifications;

— spend public funds in manner promoting or expressing approval of homosexuality.

"Government nonetheless cannot deny constitutional rights, or licenses, permits or services due under existing statutes. Public employees' private lawful sexual behaviors disrupting workplace may justify discipline. Other changes."

"(b)   A question of not more than 20 words which plainly phrases the chief purpose of the measure so that an affirmative response to the question corresponds to an affirmative vote on the measure; and

"(c)   A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

In order to decide whether the Attorney General's certified ballot title meets the requirements of ORS 250.035, it is necessary to examine the proposed initiative. The proposed initiative reads as follows:

*"THE MINORITY STATUS
AND CHILD PROTECTION ACT II*

"AN ACT

"Be It Enacted by the People of the State of Oregon:

"The Constitution of the State of Oregon is amended by creating a new section to be added to and made a part of Article 1. The new section shall be known as 'The Minority Status and Child Protection Act II' and will read as follows:

"Section 41:   THE SUBJECT, CHIEF PURPOSE AND MAJOR EFFECT OF THIS MEASURE IS TO PROHIBIT MINORITY STATUS BASED ON HOMOSEXUALITY.

"(1)   As a Right of Conscience, moral objection to the granting of minority status to, expressing approval of, or the promotion of homosexuality shall not be considered in law or by any government entity to be discrimination relating to civil rights. Wrongful sexual behavior does not form an appropriate basis upon which to construct a minority or class status relating to civil rights. To identify oneself as a person who participates in or has a preference for wrongful sexual behavior, such as homosexuality, fails to constitute a legitimate minority status.

"(2)   In the State of Oregon, including all political subdivisions and government units, minority status shall not apply to homosexuality; therefore, affirmative action, quotas, special class status or special classifications such as 'sexual orientation,' 'domestic partnerships' or similar designations shall not be established on the basis of homosexuality.

"(3)   Children, students and employees shall not be advised, instructed or taught by any government agency, department or political unit in the State of Oregon that homosexuality is the legal or social equivalent of race, color, religion, gender, age or national origin; nor shall public funds be expended in a

manner that has the purpose or effect of promoting or expressing approval of homosexuality.

"(a)   The State of Oregon, political subdivisions and all units of state and local government shall not grant marital status or spousal benefits on the basis of homosexuality.

"(b)   The State of Oregon, political subdivisions and all units of state and local government, with regard to public employees, shall generally consider private lawful sexual behaviors as non-job related factors, provided such factors do not disrupt the work place and that such consideration does not violate subsection (1), (2) and (3).

"(c)   Though subsections (1), (2) and (3) are established and in effect, no unit of state or local government shall deny to private persons business licenses, permits or services otherwise due under existing statutes; nor deprive, nullify, or diminish the holding or exercise of any rights guaranteed by the Constitution of the State of Oregon or the Constitution of the United States of America.

"(d)   Though subsections (1), (2) and (3) are established and in effect, this section shall not limit the availability in public libraries of books and materials written for adults which address homosexuality, provided access to such materials is limited to adults and meets local standards as established through the existing library review process.

"(4)   In compliance with Article I Section 20 of this Constitution no citizen or group of citizens constituted as having a minority status relating to civil rights shall be afforded privileges, immunities or preferential treatment, which upon the same terms, shall not equally belong to all citizens.

"(5)   Any person residing in Oregon or non-profit entity doing business in Oregon has standing to bring suit to enforce this section.

"(6)   The PEOPLE INTEND, that if any part of this enactment be found unconstitutional, the remaining parts shall survive in full force and effect. This Section shall be in all parts self-executing."

The issue before us is whether the Attorney General's ballot title substantially complies with ORS 250.035 (1)(a), (b), and (c). ORS 250.085(2). We discuss the Caption, Question, and Summary in turn.

## THE CAPTION

■      The Caption must reasonably identify the subject of the measure in 10 words or less. ORS 250.035(1)(a). This court has held that ORS 250.035(1)(a) "requires only *identification* of the subject matter of the measure; it should not be * * * a vehicle for conclusions about how a measure may affect legal rights and duties." *Bauman v. Roberts*, 309 Or 490, 494, 789 P2d 258 (1990) (emphasis in original).

This measure touches on a number of facets of governmental power in relation to homosexuality. Among its provisions, the measure states, in section (1), that homosexuality is "[w]rongful sexual behavior." In its other sections, the measure forbids governments from establishing "affirmative action, quotas, special class status or special classifications * * * on the basis of homosexuality" (section (2)), from teaching that homosexuality is "the legal or social equivalent of race, color, religion, gender, age or national origin" (section (3)), and from using public funds to promote or approve homosexuality (section (3)). From the text and context of the measure, we believe that the most significant aim of the measure is that of *prohibiting* governments from passing laws that create any protected status based on homosexuality.

The Attorney General's Caption reads as follows:

"AMENDS CONSTITUTION:
ALLOWS ANTI-HOMOSEXUAL LAWS;
BARS HOMOSEXUAL CIVIL RIGHTS LAWS."

The Attorney General's Caption does not reasonably identify the subject of the measure and, therefore, does not comply with ORS 250.035(1)(a). A main thrust of the initiative is to *forbid* governments from *passing* laws that establish legally protected homosexuality classifications; it is *not* a main thrust to allow the passage of "anti-homosexual laws." Thus, the phrase, "allows anti-homosexual laws," does not substantially comply with ORS 250.035(1). Another part of the measure forbids governments from teaching that homosexuality is like statuses such as race, gender, and religion. Because of the 10-word limitation of ORS 250.035(1)(a), it is impossible to capture all those concepts in the Caption. We therefore have modified the proposed Caption to refer to the

proposed measure's dominant concepts, *viz.*, declaring homosexuality to be wrongful sexual behavior and prohibiting government from establishing any legally protected status based on homosexuality. The Caption that we approve reads as follows:

AMENDS CONSTITUTION.
DECLARES HOMOSEXUALITY WRONGFUL.
FORBIDS HOMOSEXUALITY
AS PROTECTED STATUS.

We now turn to the Question.

## THE QUESTION

■        ORS 250.035(1)(b) requires a Question of not more than 20 words that "plainly phrases the chief purpose of the measure." *Deras v. Roberts*, 309 Or 410, 417, 788 P2d 987 (1990), instructs:

"The Question must plainly phrase the 'chief purpose' of the measure in not more than twenty words so that an affirmative response to the Question corresponds to an affirmative vote on the measure. ORS 250.035(1)(b). The chief purpose of a measure is the most significant aim or end which a measure is designed to bring about. The chief purpose requirement is determined in a manner analogous to legislative determination. The proposed measure is reviewed for its unambiguous language and the context in which it was drafted and for statements made by its sponsors. Context includes the legal context, as well as the more particular circumstances under which a measure is drafted."

When a measure has more than one apparent purpose, the statute requires the Question to include "the most significant aim or end which a measure is designed to bring about." *Ibid.* The Attorney General's Question reads as follows:

"QUESTION: Shall constitution allow laws denying homosexuals rights, bar homosexual civil rights laws, prevent spending public funds in manner promoting homosexuality?"

For reasons similar to those discussed above concerning the Caption, the Question in part fails to comply with ORS 250.035(1)(b). The major goals that this measure aims to achieve are to declare homosexuality to be wrongful sexual

behavior and to *forbid* governments from passing laws establishing classifications that grant "special class status or special classifications" based on homosexuality. Allowing governments to pass laws *denying* rights to homosexuals is not a major goal. It follows that the first clause of the Attorney General's Question — "Shall constitution allow laws denying homosexuals rights" — does not comply with ORS 250.035(1)(b). The focus of the Question should include the declaration that homosexuality is wrongful sexual behavior and the limitation placed on governments that they cannot establish any protected status or classification based on homosexuality. We therefore revise the Question as follows:

> QUESTION: Shall constitution declare homosexuality wrongful sexual behavior, forbid laws establishing homosexuality as protected status, prohibit public spending promoting, approving homosexuality?

We turn to the Summary.

## THE SUMMARY

■   The Summary is to be a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(1)(c). This measure has a number of provisions, and it is possible to include most of them in the Summary. The Attorney General's Summary provides:

> "SUMMARY: Amends constitution. Allows laws that deny homosexuals rights. Governments cannot:
>
> — adopt homosexual civil rights laws;
>
> — grant 'minority status' for persons who practice or prefer 'wrongful' sexual behavior, including homosexuality;
>
> — advise or teach children, students, employees that homosexuality equates legally or socially with race, other protected classifications;
>
> — spend public funds in manner promoting or expressing approval of homosexuality.
>
> "Government nonetheless cannot deny constitutional rights, or licenses, permits or services due under existing statutes. Public employees' private lawful sexual behaviors disrupting workplace may justify discipline. Other changes."

The words "[a]llows laws that deny homosexuals rights" do not substantially comply with ORS 250.035(1) for *the reasons set forth above.* We also can fold into one statement the concepts that are contained in the first six lines of the Attorney General's title and thereby include more of the salient provisions of the measure in the Summary. We adopt this Summary:

SUMMARY: Amends constitution. Declares homosexuality wrongful sexual behavior. Governments cannot:

— Establish homosexuality as legally protected status;

— Advise or teach children, students, employees that homosexuality equates legally or socially with race, other protected classifications;

— spend public funds to promote, express approval of homosexuality.

With access limited to adults, public libraries can have adult books about homosexuality. Provided workplace is not disrupted, public employees' lawful sexual behaviors are not considered work related. Governments nonetheless cannot deny constitutional rights, permits or services due under constitution, existing statutes. Other provisions.

■ ORS 250.035(2) states:

"The ballot title shall not resemble, so far as probably to create confusion, any title previously filed for a measure to be submitted at that election."

Because of that statute, we note a similar initiative measure, involved in *Mabon v. Keisling,* 317 Or 406, 856 P2d 1023 (1993). That measure is identical to the measure before us, except for sections (1), (4), and (5) of this measure, which are new. In *Mabon,* we revised the ballot title. Because of the similarities in the measures, the ballot title that we approve here necessarily has some similarities to the ballot title approved in *Mabon.* But the differences in the two ballot titles are sufficient to avoid confusion between the two measures.

We certify the following ballot title for the proposed initiative measure:

AMENDS CONSTITUTION.
DECLARES HOMOSEXUALITY WRONGFUL.
FORBIDS HOMOSEXUALITY
AS PROTECTED STATUS.

QUESTION: Shall constitution declare homosexuality wrongful sexual behavior, forbid laws establishing homosexuality as protected status, prohibit public spending promoting, approving homosexuality?

SUMMARY: Amends constitution. Declares homosexuality wrongful sexual behavior. Governments cannot:

— Establish homosexuality as legally protected status;

— Advise or teach children, students, employees that homosexuality equates legally or socially with race, other protected classifications;

— spend public funds to promote, express approval of homosexuality.

With access limited to adults, public libraries can have adult books about homosexuality. Provided workplace is not disrupted, public employees' lawful sexual behaviors are not considered work related. Governments nonetheless cannot deny constitutional rights, permits or services due under constitution, existing statutes. Other provisions.

Ballot title certified as modified. This decision shall become effective pursuant to ORAP 11.30(10).